UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSUEL VALDEZ, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> ALLIANCE LIFTBOATS, LLC, *et al*, § <br> § <br> Defendant. § | CIVIL ACTION NO. 2:14-CV-444 |

## ORDER DENYING MOTION TO REMAND

Plaintiff has alleged a Jones Act case against multiple alleged employers, and asserts that his case cannot be removed to this Court. Defendants assert federal removal jurisdiction under both admiralty jurisdiction and the Outer Continental Shelf Lands Act. Before the Court is Plaintiff's Motion to Remand (D.E. 15). For the reasons set out below, the motion is DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves an injury to a pipefitter, Josuel Valdez (Valdez), who was hired to work on a drilling rig on the Outer Continental Shelf (OCS) off the coast of Louisiana. According to his pleading, the drilling rig was owned and operated by Defendants Apache Corporation, Fieldwood Energy, LLC and/or Fieldwood Energy Offshore, LLC f/k/a Sandridge Energy Offshore, LLC (jointly Drillers). As part of his employment, he was housed in, and performed some of his pipefitting work on, a liftboat that was affixed to the drilling rig. He asserts that the liftboat was owned and operated by Defendants

Alliance Liftboats, LLC, Alliance Offshore, LLC, and/or Alliance Maritime Holdings, LLC (jointly Alliance).

At the time of his injury, Valdez was aboard a supply boat owned and operated by Defendant TN Marine, LLC (TN). He was engaged in an operation to transfer cargo between the supply boat and the liftboat. The seas were rough, a wave came up under the supply boat and over its railing and as a result, Valdez was crushed between a loose box of scrap iron and another box on deck. While Valdez was hired by another company (Performance Energy Services) to work as a pipefitter on the rig, he takes the position that, at the time of his injury, he was working for the Defendants: Drillers, Allied, and/or TN. He argues that he was operating Allied's boat and its crane as a rigger and deckhand (thus assisting with its mission) and was acting as a deckhand for TN's supply boat (thus assisting with its mission).

Valdez labels both boats and the drilling platform as "vessels" in navigable waters and all of the Defendants as "employers." He then claims to have acted as a "seaman," incurring seaman's hazards. He sues these employers under the Jones Act, 46 U.S.C. § 30104, for supplying unseaworthy vessels and couches his damages in terms of "maintenance and cure." Alternatively, he sues under common law negligence for failure to supply a safe place to work, seeking damages for permanent physical injuries and impairments, medical expenses, pain and suffering, mental anguish, disfigurement, lost earnings and earning capacity and other damages.

Valdez filed this action in the County Court at Law No. 1, Nueces County, Texas. Defendants removed the case to this Court, citing federal question jurisdiction under 28

U.S.C. § 1331 by way of the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349, along with general admiralty jurisdiction under 28 U.S.C. § 1333. D.E. 1, 5. In resisting the saving to suitors clause of § 1333(1) admiralty jurisdiction, Defendants argue that they have been improperly joined because they are not "employers" under the Jones Act.

## DISCUSSION

The removal statute is strictly construed against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The burden of proof to demonstrate removal jurisdiction as well as improper joinder is on a defendant. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). That burden is a heavy one. *McKee, supra* at 334. In this endeavor, the Court resolves all contested fact issues and all ambiguities of state law in favor of a plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

As a preliminary matter, this Court has held that federal admiralty jurisdiction, without more, cannot support removal jurisdiction because of the saving to suitors clause of § 1333(1) and the requirement of original jurisdiction to support removal in § 1441(a). *Figueroa v. Marine Inspection Services*, 28 F. Supp. 3d 677, 680-82 (S.D. Tex. 2014). Therefore, to sustain their removal, Defendants must demonstrate that the OCSLA provides original federal question jurisdiction even though this case is couched as an otherwise non-removable Jones Act case.

OCSLA provides this Court with original jurisdiction if the claim is brought under that statute. *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340 (5th Cir. 1999). Valdez has not expressly pled any claim under OCSLA. Instead, he cast his claims in terms of Jones Act negligence, unseaworthiness, maintenance and cure, and simple negligence. D.E. 1-1, pp. 6-8. Nonetheless, the Fifth Circuit has held that OCSLA provides original jurisdiction for removal even if the plaintiff does not plead it. *Hufnagel* 182 F.3d at 351 (treating plaintiff's non-maritime state law claims as applicable only if OCSLA was used to apply them to the OCS situs).

"In determining federal court jurisdiction, we need not traverse the Serbonian Bog of the well pleaded complaint rule because § 23 of OCSLA [43 U.S.C. § 1349] expressly invests jurisdiction in the United States District Courts." *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988) (citation omitted; OCSLA original jurisdiction supported removal jurisdiction for a take-or-pay contractual dispute). In fact, OCSLA can support removal jurisdiction even if neither party raises the statute as the basis for federal jurisdiction. *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 492 (5th Cir. 2002) (case involved activities on a liftboat affixed to a drilling rig on the OCS).

Whether OCSLA jurisdiction is triggered involves a three-part test focused on the facts of the case:

> To determine whether a cause of action arises under OCSLA, the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment.

*Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013) (citing *Demette v. Falcon Drilling Co.*, 280 F.3d 492, 496 (5th Cir. 2002) *overruled on other grounds*, *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC,* 589 F.3d 778 (5th Cir. 2009); *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988)).

Defendants have demonstrated that the drilling rig was a fixed platform on the OCS and Valdez does not contest that fact. Affidavit of Granger, D.E. 1-2. Moreover, Valdez pleads that the liftboat "was lifted into position adjacent to the rig . . . ." D.E. 1-1, p. 5. And the supply boat was in the process of transferring cargo to or from the liftboat. *Id*. at 6. Valdez's work for the Drillers was for mineral development on the OCS and he claims to have been injured working for his various employers that were engaged in functions related to the drilling operation. Thus all three factors for OCSLA jurisdiction are met here.

While Defendants suggest that they have been improperly joined in Valdez's Jones Act case because Valdez is not a "seaman" and they are not his "employers," this Court need not reach that issue at this time. OCSLA supplies original jurisdiction and supports removal to this Court, regardless of the theory under which Valdez has cast his claim.

For these reasons, Plaintiff's Motion to Remand is DENIED.

ORDERED this 13th day of March, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE